UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD JILBERTO RAMIREZ GRIJALVA,<br>Petitioner,<br>v.<br>JEREMY CASEY,<br>Respondent. | Case No.: 26cv4459-LL-DDL<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**<br><br>[ECF No. 1] |

Before the Court is Petitioner Ronald Jilberto Ramirez Grijalva's second Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner filed his first Petition on May 8, 2026. *See Gilberto Ramirez v. Casey*, No. 26-cv-02916-LL-AHG, ECF No. 1 (S.D. Cal. May 8, 2026). On May 28, 2026, the Court ordered Respondent to provide Petitioner with a bond hearing. *Id.* at ECF No. 5 (S.D. Cal. May 28, 2026). According to Respondent, Petitioner received a bond hearing before an Immigration Judge ("IJ") on June 11, 2026 and that the IJ denied Petitioner's bond based on flight risk. ECF No. 4-1 at 1. On July 23, 2026, Petitioner appealed the IJ's order denying bond to the Board of Immigration Appeals ("BIA"). *Id.* at 5.

On August 4, 2026, Petitioner, proceeding *pro se*, filed the current Petition. ECF No. 1. Despite having received a bond hearing pursuant to this Court's May 28, 2026 Order, Petitioner claims that he has been detained without a bond hearing and that his continued detention violated the Fifth Amendment. *Id*. at 4. Petitioner seeks his immediate release or a bond hearing. *Id*. at 8.

"[A] successive petition that raises identical grounds for relief as a prior petition must be dismissed unless the petitioner can show (1) cause for bringing a successive petition and that prejudice would result or (2) that a fundamental miscarriage of justice would result from failure to entertain the claim." *Alaimalo v. United States*, 645 F.3d 1042, 1049 (9th Cir. 2011) (citing *McCleskey v. Zant*, 499 U.S. 467, 494–95 (1991); *Sanders v. United States*, 373 U.S. 1, 15 (1963)). The government bears the burden of pleading abuse of the writ. *McCleskey*, 499 U.S. at 477.

Respondent contends that the second Petition must be dismissed because Petitioner was previously granted the relief he sought and has raised nearly identical claims for relief. ECF No. 4 at 3. In addition, Respondents argue that Petitioner's second Petition is not ripe for review because Petitioner appealed the IJ's order denying bond to the BIA. *Id.*

The Court finds that Petitioner's second Petition is largely duplicative of his prior petition and does not show that he is entitled to the requested relief. *See e.g.*, *Fierros Pedroza v. Warden, Otay Mesa Detention Center, et al.*, No. 26-cv-00892 BJC-VET, ECF No. 6 (dismissing Petitioner's successive petition because Petitioner was granted the relief he sought in first petition and the second petition raised identical grounds for relief.).

Accordingly, the Court **DENIES** the Petition. The Clerk of Court shall close this matter.

**IT IS SO ORDERED.**

Dated: August 25, 2026

Honorable Linda Lopez
United States District Judge